UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANVEL ZAKINYAN,<br><br>                          Petitioner,<br><br>v.<br><br>WARDEN, Otay Mesa Detention Center, et al.,<br><br>                         Respondents. | Case No.: 25-CV-3717 JLS (MMP)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Petitioner Manvel Zakinyan's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court is a Return to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 3) filed by Warden, Otay Mesa Detention Center; Secretary, U.S. Department of Homeland Security; Acting Director, San Diego Filed Office; U.S. Immigration and Customs Enforcement; and U.S. Attorney General (collectively, "Respondents") and Petitioner's Traverse ("Traverse," ECF No. 4). For the reasons set forth below, the Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus.

///

///

///

## BACKGROUND

Petitioner, a native and citizen of Armenia, alleges that he has been detained by the United States Department of Homeland Security's Immigration and Customs Enforcement division at the Otay Mesa Detention Center since December 2, 2025, when he presented himself at the San Ysidro Port of Entry and applied for admission into the United States. Pet. at 8. After participating in a credible fear interview and receiving a positive credible fear determination, Petitioner was found to have established a credible fear of persecution and torture. *Id.* Petitioner, through counsel, timely filed a request for custody redetermination with the San Diego Immigration Court, seeking a bond hearing. *Id.* The Immigration Judge found that the Court "lacked jurisdiction solely because DHS classified Petitioner as an 'arriving alien,' citing regulatory authority and asserting that custody jurisdiction was barred as a matter of law." *Id.* at 9. Petitioner claims that he is detained by ICE in violation of 8 U.S.C. § 2241 and the Due Process Clause of the Fifth Amendment. *Id.* at 15–20.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

/ / /

**DISCUSSION**

Respondents first argue that this Court lacks jurisdiction under 8 U.S.C. § 1252(g). Ret. at 4–5. Respondents then argue that Petitioner's claims fail on the merits because Petitioner, as an arriving alien found to have a credible fear of persecution, is subject to mandatory detention under 8 U.S.C. § 1225 until the conclusion of his removal proceedings. *Id.* at 5–10.

**I.   Jurisdiction**

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Respondents argue that Petitioner's claims "necessarily arise from the Department of Homeland Security's decision to commence removal proceedings against him . . . ." Ret. at 4. The Court disagrees.

Section 1252(g) should be read "narrowly" as to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Ibarra-Perez v. United States*, No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (quoting *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482, 487 (1999)). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Id.* at *7. Section 1252(g) does not bar due process claims. *Walters v. Reno*, 145 F.3d 1032, 1052–53 (9th Cir. 1998) (finding that the petitioners' objective was not to review the merits of their proceeding, but rather "to enforce their constitutional rights to due process in the context of those proceedings").

Here, Petitioner does not challenge the decision to commence removal proceedings or any act to adjudicate or execute a removal order. Rather, Petitioner is challenging the agency's misclassification of custody under § 1225(b), which deprived him of his statutory right to a bond hearing under § 1226(a). Traverse at 10. Petitioner is enforcing his "constitutional rights to due process in the context of the removal proceedings—*not* the

legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, No. 25-CV-2180-DMS-MMP, 2025 WL 2549431, at *4 (S.D. Cal. Sept. 3, 2025).  Therefore, § 1252(g) does not strip the Court of jurisdiction.

## II.   Merits

### A.   Detention Under § 1225(b)

Respondents argue that Petitioner is subject to mandatory detention under § 1225(b)(2)(A) as an applicant for admission.  Ret. at 5.  Petitioner argues that because his expedited removal proceedings were vacated, § 1225(b) "no longer provides a valid basis for continued mandatory detention."  Pet. ¶ 45(a).

Section 1225 applies to "applicants for admission" who are "alien[s] present in the United States who [have] not been admitted or who arrive[] in the United States (whether or not at a designated port of arrival . . .)."  8 U.S.C. § 1225(a)(1).  Section 1125(b)(B)(i)(ii) provides in part that if an asylum officer "determines . . . that an alien has a credible fear of persecution . . . the alien shall be detained for further consideration of the application for asylum."  *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) (Sections §§ 1225(b)(1) and (b)(2) "thus mandate detention of applicants for admission until certain proceedings have concluded.").  In *Jennings*, the Supreme Court noted that "nothing in the statutory text imposes any limit on the length of detention" and nothing in §§ 1225(b)(1) or (b)(2) "say[] anything whatsoever about bond hearings."  583 U.S. at 297.  The Attorney General may temporarily parole aliens detained under § 1225(b) "for urgent humanitarian reasons or significant public benefit."  *Id.* at 300.  Otherwise, "there are no *other* circumstances under which aliens detained under § 1225(b) may be released."  *Id.*

Here, Petitioner "presented himself for inspection at the San Ysidro Port of Entry, applied for admission, and was subsequently found to have a positive credible fear of persecution and torture by an asylum officer."  Pet. ¶ 5.  Petitioner has been detained since he entered the United States on December 2, 2025.  *Id.* ¶ 27.  The Court concludes that Petitioner is an applicant for admission lawfully detained under §1225(b).  Accordingly,

the Court **DENIES** the Petition and need not reach the merits of Petitioner's additional claims.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1). The Court need not issue a certificate of appealability in this case. *See Udom v. U.S. Immigr., Customs Enf't*, No. 11-CV-2699-IEG NLS, 2012 WL 380135, at *4 (S.D. Cal. Feb. 6, 2012) (noting no certificate of appealability required for order denying § 2241 petition (citing *Forde v. U.S. Parole Comm'n*, 114 F.3d 878, 879 (9th Cir. 1997))). As this concludes the litigation in the matter, the Clerk of the Court **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: January 6, 2026

Hon. Janis L. Sammartino
United States District Judge